PAUL L. REIN, Esq. (SBN 43053)
CELIA MCGUINNESS (SBN 159420)
CATHERINE M. CABALO, Esq. (SBN 248198)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
RANDALL WRIGHT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL WRIGHT,<br><br>    Plaintiff,<br><br>v.<br><br>SPARKY'S RESTAURANT COMPANY; BAY COMPANY, LLC; and DOES 1-10, Inclusive,<br><br>    Defendants.<br>_____ / | CASE NO. C12-2329 NC<br><u>Civil Rights</u><br><br><br><br>**CONSENT DECREE and [PROPOSED] ORDER** |

1.  Plaintiff RANDALL WRIGHT, a physically disabled person who requires use of a wheelchair, filed a Complaint in this action on May 9, 2012, to obtain recovery of damages for his discriminatory experiences, denial of access, and denial of his civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws against Defendants SPARKY'S RESTAURANT COMPANY and BAY COMPANY, LLC (all defendants sometimes referred to as "Defendants"), relating to the condition of Defendants' public accommodations as of October 8, 2011, the date that Plaintiff encountered barriers at Sparky's restaurant, and continuing.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C12-2329 NC                    -1-                    S:\CASES\S\SPARKY'S\PLEADINGS\Consent Decree\CONSENT DECREE.PL.wpd

1. Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3, and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to the facilities located at 124 Ellis Street, San Francisco, California.

2. Plaintiff and Defendants (together sometimes the "Parties") hereby enter into this Consent Decree and Order for the purpose of resolving the injunctive relief and damages aspects of this lawsuit without the need for protracted litigation. Issues of attorney fees, costs, and expenses will be the subject of further negotiations and litigation, if necessary.

**Jurisdiction:**

3. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve all claims regarding injunctive relief and damages raised in the Complaint filed with this Court. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief or damages.

//
//

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C12-2329 NC
-2-
S:\CASES\S\SPARKY'S\PLEADINGS\Consent Decree\CONSENT DECREE PL.wpd

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**Settlement of Injunctive Relief:**

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's injunctive relief and damages claims against Defendants that have arisen out of the subject Complaint.

6. The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

a.) **Remedial Measures:** The corrective work agreed upon by the Parties is set forth in **Attachment A**, a draft report by Plaintiff's access consultant, Barry Atwood. Mr. Atwood's report that is **Attachment A** is attached and incorporated herewith. Defendants agree to undertake all of the respective remedial work as set forth therein.

b.) **Timing of Injunctive Relief:** Defendants will submit plans for all corrective work requiring permits to the appropriate governmental agencies within 30 days of the entry of this Consent Decree by the Court. Defendants will commence work within 20 days of receiving approval from the appropriate agencies. Defendants will complete all work by March 31, 2012. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel <u>in writing within five days of</u>
CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C12-2329 NC -3- S:\CASES\S\SPARKY'S\PLEADINGS\Consent Decree\CONSENT DECREE.PL.wpd

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

discovering the delay. Plaintiff will have thirty (30) days to investigate and meet and confer, and to approve the delay by stipulation or otherwise respond to Defendants' notice. If the Parties cannot reach agreement regarding the delay within an additional fifteen days, Plaintiff may seek enforcement by the Court. Defendants or their counsel will notify Plaintiff's counsel when the corrective work is completed, and in any case will provide a status report to Plaintiff's counsel no later than 90 days from the Parties' signing of this Consent Decree and Order.

c.) **Notification**: Defendants will notify Plaintiff in writing at the end of 90 days from the Parties' signing of this Consent Decree and Order as to the current status of agreed-to injunctive relief, and every 90 days thereafter until all access is provided. If Defendants fail to provide injunctive relief on the agreed upon timetable and/or fail to provide timely written status notification, and Plaintiff files a motion with the Court or takes other action necessary to obtain compliance with these terms, Plaintiff reserves the right to seek additional attorney fees for any compliance work necessitated by Defendants' failure to keep this agreement. If the Parties disagree, such fees shall be set by the Court.

**Damages, Attorney Fees, Litigation Expenses, and Costs:**

7. The parties have reached an agreement as to plaintiff's damages. Defendants shall pay to Plaintiff the amount of $4,000 as full and final resolution of Plaintiff's claims for all statutory, actual, and personal injury damages, including, but not limited to, general, compensatory, and special damages. Payment shall be made by one check made payable to "Paul L. Rein in Trust for Randall Wright." Payment shall be received at the Law Offices of Paul L. Rein, 200 Lakeside Drive, Suite A, Oakland, CA 94612

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C12-2329 NC                -4-        S:\CASES\S\SPARKY'S\PLEADINGS\Consent Decree\CONSENT DECREE PL.wpd

no later than November 1, 2011. [handwritten: 12 PLR]

8. The Parties have not reached any agreement regarding Plaintiff's claims for attorney fees, litigation expenses, and costs. These matters will be the subject of future negotiation or litigation as necessary. <u>The Parties jointly stipulate and request that the Court not dismiss the case in its entirety as these issues remain unresolved</u>.

**Entire Consent Decree and Order:**

9. This Consent Decree and Order and **Attachment A** constitute the entire agreement between the signing Parties and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein.

**Consent Decree and Order Binding on Parties and Successors in Interest:**

10. This Consent Decree and Order shall be binding on Plaintiff, Defendants, and any successors-in-interest. Defendants have a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**Mutual Release and Waiver of Civil Code Section 1542 as to Injunctive Relief Only:**

11. Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C12-2329 NC                    -5-              S:\CASES\S\SPARKY'S\PLEADINGS\Consent Decree\CONSENT DECREE PL.wpd

signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his settlement with the debtor.**

This waiver applies to the injunctive relief and damages aspects of this action only and does not include resolution of Plaintiff's claim for attorney fees, litigation expenses, and costs.

12. Except for all obligations required in this Consent Decree and Order - and exclusive of the referenced continuing claims for attorney fees, litigation expenses, and costs - each of the Parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit. Notwithstanding the foregoing, the

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C12-2329 NC -6- S:\CASES\S\SPARKY'S\PLEADINGS\Consent Decree\CONSENT DECREE PL.wpd

Defendants do not waive or release, but instead explicitly preserve, their rights to seek contribution, apportionment, indemnification, and all other appropriate relief from each other in connection with this Lawsuit and settlement thereof.

**Term of the Consent Decree and Order:**

13. This Consent Decree and Order shall be in full force and effect -- and the Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order -- for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

**Severability:**

14. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**Signatories Bind Parties:**

15. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**End of Page.**

**Signatures Continue on the next Page and Order Is at the End of the Document.**

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C12-2329 NC    -7-    S:\CASES\S\SPARKY'S\PLEADINGS\Consent Decree\CONSENT DECREE.PL.wpd

1   Dated: September 30, 2012           PLAINTIFF RANDALL WRIGHT

2
                                        _____
3                                       PLAINTIFF RANDALL WRIGHT
4

5   Dated: September 24, 2012           DEFENDANT SPARKY'S
                                        RESTAURANT COMPANY
6

7                                       By: _____
8                                       Print name: HYUN LEE
9                                       Title: owner

10

11  Dated: September 24, 2012           DEFENDANT BAY COMPANY, LLC

12

13                                      By: _____
14                                      Print name: Kyung Ho Min
15                                      Title: owner

16

17  APPROVED AS TO FORM:

18  Dated: September 21, 2012           LAW OFFICES OF PAUL L. REIN

19
                                        By: _____
20                                      Paul L. Rein, Esq.
21                                      Attorney for Plaintiff
                                        RANDALL WRIGHT
22

23  Dated: September 24, 2012           LAW OFFICES OF JOHN L. BURRIS

24

25                                      By: _____
                                        John L. Burris, Esq.
26                                      Attorney for Defendants SPARKY'S
                                        RESTAURANT COMPANY and BAY
27                                      COMPANY, LLC

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C12-2329 NC                    -8-        S:\CASES\S\SPARKY'S\PLEADINGS\Consent Decree\CONSENT DECREE.PL.wpd

# ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: October 3, 2012

_____
Honorable Nathanael Cousins
United States Magistrate Judge

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C12-2329 NC

-9-

S:\CASES\S\SPARKY'S\PLEADINGS\Consent Decree\CONSENT DECREE PL.wpd

# ATTACHMENT A TO CONSENT DECREE AND [PROPOSED] ORDER

# Barry N. Atwood and Associates

## 1260 Brighton Avenue  Suite 214  Albany, California 94706

Phone (510) 334-10581                                                                                                   aei-atwood@usa.net

**M E M O R A N D U M :**

| | |
|---|---|
| To:      Paul Rein | Date: July 25, 2012 |
| From:   Barry N. Atwood | |
| Subject:   Sparky's located at 4151 Piedmont Ave. in Oakland, CA. | |

On June 29, 2012 we conducted a preliminary site investigation of Sparky's Burgers located at 4151 Piedmont Avenue in Oakland, CA. We inspected the site to identify areas where the existing facility was not in compliance with the accessibility design guidelines found in the Americans with Disabilities Act Accessibility Guidelines and the relevant portions of Title 24, Parts 2, 3 and 5 of the California Building Code. During the course of our investigation, we identified the following list of areas where the facilities on this site are out of compliance with the applicable codes and design specifications.

**Entrance to the Restaurant**
- The door landing on the exterior side of the door to the restaurant on the street side has a slope of approximately 3.5%, **which exceeds the 2.0% maximum slope specified by the code.**

    **Recommended Remedial Action:**  None at this time.

- The door landing on the interior side of the main entry on the street side has a door landing that extends approximately 50" from the face of the closed door to the rear of a wheelchair seated in this location, **which is less than the 60" minimum landing specified by the code on the swing side of the door.**

    **Recommended Remedial Action:**  None at this time, provided the face of the table in this location or standard chairs in the pushed in position, be maintained at a minimum of 60" clear from the face of the closed door.

- There is a fold down door stop set at the bottom edge of the door, **which does not provide the 10" high smooth uninterrupted surface required by the code**

    **Recommended Remedial Action:**  Provide an alternative method of holding this door open or let it close normally, at all times.

**Interior Elements of the Restaurant**

**Tables on the Interior of the Restaurant**
- There are approximately 40 seating spaces inside the restaurant and all of those tables provide knee space underneath that only extends approximately 10" back from the front face of the table; **which does not meet the code requirement that knee space underneath an accessible table shall be 27" high, measure 30" by 48" and extend 19" back underneath the table.**

1

**Recommended Remedial Action:** Provide a minimum of two compliant tables.

### Compliant Accessible Seating Spaces
- There is only one location inside this restaurant where the 30" by 48" clear floor space required to provide a seating space at an accessible table does not project out into required aisle space; **which does not meet the code requirement that there be at least two accessible tables served by a 30" by 48" wheelchair floor space that does not obstruct the circulation aisles, provided in this restaurant.**

  **Recommended Remedial Action:** Provide at least two tables within the restaurant, where the required 30" by 48" seating space does not intrude into the 36" wide (minimum) aisles running through the restaurant.

### Exterior Door to the Rear Dining Patio
- The door landing on the exterior side of the door to the exterior dining patio has a slope of approximately 4.0%, **which exceeds the 2.0% maximum slope specified by the code.**

  **Recommended Remedial Action:** None at this time.

- The required landing on the exterior side of the door to the patio extends approximately 45" between the face of the closed door and the table on the opposite side of the aisle, **which is less than the 60" minimum landing specified by the code on the push side of the door.**

  **Recommended Remedial Action:** Relocate all tables in front of these doors so the landing on the exterior side extends a minimum of 60" clear from the face of the closed door.

- The required landing on the interior side of the door to the patio has approximately 15" between the face of the closed door and the table, **which is less than the 48" minimum landing specified by the code on the push side of the door.**

  **Recommended Remedial Action:** None at this time if a policy is provided, which insures the door on the table side of the aisle shall either by locked in the open position or locked shut and the other door be used to get to the exterior dining patio.

- The required level and clear landing on the exterior side of the door to the patio has a slope of approximately 4%, **which is steeper than the 2% maximum slope within a landing that is specified by the code within a door landing.**

  **Recommended Remedial Action:** No recommendation at this time provided the existing threshold is replaced with a model that does not have any vertical rise along the front edge (has a slope only). It may also be possible to build up the surface on the exterior side of this threshold, so there is no vertical rise at the front edge

- There is a fold down doorstop set at the bottom edge of the door, **which does not provide the 10" high smooth uninterrupted surface required by the code.**

2

**Recommended Remedial Action:** Provide an alternative method of holding these doors open or let them close normally, at all times.

- The force required to open the doors to the exterior dining patio is approximately 7 pounds of pressure, **which does not meet the code requirement that the maximum force permitted on a compliant door closer shall be 5 pounds of pressure**

    **Recommended Remedial Action:** Adjust the pressure on this door so it is a maximum of 5 lbs and maintain them is a compliant condition.

### Aisles Through the Exterior Dining Patio

- The main aisle through the exterior dining patio has a typical width of approximately 28" between the ends of the tables and the seats, **which does not provide the 36" minimum width of an accessible route that is specified by the code.**

    **Recommended Remedial Action:** Adjust the width of the aisle through the exterior dining patio so it is a minimum of 36" wide and maintain the usable width of the aisle at that minimum dimension.

- The main aisle through the exterior patio to the emergency exit on the side of the building has a slope of approximately 8% along sections of this path of travel and no elements of a ramp have been provided, **which does not meet the code requirement that a slope in excess of 5% is a ramp and must meet all of the requirements for a ramp.**

    **Recommended Remedial Action:** No recommendation at this time provided this path of travel is clear and maintained in an unobstructed condition.

### Tables on the Exterior Dining Patio

- There are approximately 45 seating spaces on the exterior dining patio for the restaurant and all of those tables provide knee space underneath that only extends approximately 8" back from the front face of the table; **which does not meet the code requirement that knee space underneath an accessible table shall be 27" high, measure 30" by 48" and extend 19" back underneath the table.**

    **Recommended Remedial Action:** Provide at least two tables within the restaurant, where the required 30" by 48" seating space does not intrude into the 36" wide (minimum) aisles running through the restaurant.

### Unisex Restroom

- The force required to open the door is approximately 7 pounds of pressure; **which does not comply with the code requirement that the maximum force permitted by the code to open the door is 5 pounds of pressure.**

    **Recommended Remedial Action:** Adjust the pressure on this door so it is a maximum of 5 lbs. and maintain them in a compliant condition.

3

- The strike edge clearance provided on the interior side of the restroom door is approximately 10", **which does not meet the code requirement that the strike edge clearance specified for an interior door is a minimum of 18".**

  **Recommended Remedial Action:** Reconfigure the area beside the door to provide a compliant door landing or remove the trash can or other obstructions to comply with the code.

- The distance between the face of the sink counter and the face of the closed door is 72", **which means that the swing of the entry door overlaps the 48" clear floor space in front of the sink that is required by the code.**

  **Recommended Remedial Action:** No recommendation at this time.

- The p-trap underneath the sink is set at a distance of approximately 9" from the face of the wall that the sink is mounted upon, **which does not meet the code requirement that the face of the p-trap be set no further than 6" from the face of the wall that the sink is mounted upon.**

  **Recommended Remedial Action:** Reconfigure the drain pipe underneath this sink, so the distance between the wall and the outside face of the drain is a maximum of 6".

- The bottom edge of the mirror is set at a height of approximately 60" above the finished floor, **which does not meet the code requirement that the bottom edge of the reflective surface be set at a height of 40" above the finished floor.**

  **Recommended Remedial Action:** Provide a new mirror in a location where it can be seen while seated at the sink or lower the existing mirror.

- The toilet is set approximately 20" on center from the face of the adjacent wall, **which does not comply with the code requirement that the toilet be mounted exactly 18" on center from the adjacent wall.**

  **Recommended Remedial Action:** Insert an offset flange underneath the toilet and adjust the device so the distance between the wall beside the toilet and the centerline of the toilet is 18" exactly.

- The distance between the front of the toilet and the wall in front of the toilet is approximately 42", **which does not meet the code requirement that the distance between the front of the toilet and the opposing wall shall be a minimum of 48".**

  **Recommended Remedial Action:** Replace the existing toilet with the shortest model available, in order to maximize the clear floor space provided in front of the fixture.

- The leading edge of the roll of toilet paper dispenser is set at a distance of approximately 48" from the wall behind the toilet, **which does not meet the code requirement that the leading edge of the toilet paper dispenser be set 36" from the wall behind the toilet.**

4

    **Recommended Remedial Action:** Relocate the toilet paper dispenser so the leading edge is set at a maximum of 36" from the wall behind the toilet.

- The leading edge of the grab bar beside the toilet is set approximately 50" from the wall behind the toilet, **which does not meet the code requirement that the leading edge of the grab bar be set 54" from the wall behind the toilet.**

    **Recommended Remedial Action:** Adjust the location of the grab bar on the wall beside the toilet, so the leading edge is set at a minimum of 54" from the face of the wall behind the toilet.

If you have any questions or require additional information, please feel free to call us at (510) 334-1058.

Sincerely,

Barry N. Atwood
Principal
Barry N. Atwood and Associates

5